UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SIUL GONZALEZ,

                Petitioner,

-against-

JOSEPH T. SMITH, SUPERINTENDENT,

                Respondent.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
09-CV-5507 (CBA) (RLM)

AMON, Chief United States District Judge:

Before the Court are petitioner Siul Gonzalez's objections to the Report and Recommendation ("R & R") of the Honorable Roanne L. Mann, U.S. Magistrate Judge, which is dated July 30, 2010. The R & R recommends that Gonzalez's petition for a writ of habeas corpus, 28 U.S.C. § 2254, be denied. That recommendation is adopted.

## STANDARD OF REVIEW

The Court reviews those portions of the R & R to which a party has objected de novo and reviews those portions not objected to for clear error. Larocco v. Jackson, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

**1. Detention**

The R & R recommends denying, as barred by Stone v. Powell, 428 U.S. 465 (1972), Gonzalez's claim that the hospital identification should have been suppressed as the result of an unconstitutional seizure. (R & R at 10–11.) Alternatively, it recommends denying the Fourth Amendment claim on the merits. (Id. at 11–12.)

1

Gonzalez has not objected to either of these recommendations, and the Court adopts both.

**2. Hospital Identification**

The R & R recommends denying the claim that testimony concerning the hospital identification should not have been permitted at trial, concluding that the Appellate Division's determination that, although the show up was suggestive, it was not <u>unnecessarily</u> suggestive, is not contrary to or an unreasonable application of clearly established federal law. (<u>Id.</u> at 12–17.) Gonzalez objects, arguing that the R & R does "not consider several factors which rendered the show-up highly suggestive."

The Court has reviewed the R & R de novo and concludes that these objections are meritless.

**3. In-Court Photo Identification**

Gonzalez's third claim is that the state trial court should have barred two witnesses from identifying him in court as the assailant. He says that those identifications, which were of his arrest photograph (Gonzalez was tried in absentia), were tainted by multiple improper photo show ups (which occurred after the hospital identification) using that very same arrest photograph.

The R & R recommends denying this claim on the grounds that, although the pre-trial photo show up was impermissibly suggestive, the determination that the in-court photo identification was independently reliable would not be an unreasonable application of clearly established federal law. (<u>Id.</u> at 17–25.) Alternatively, the R & R recommends finding any constitutional error in permitting the in-court photo identification harmless, <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993). (<u>Id.</u> at 25–26.)

The Court has reviewed the R & R de novo and adopts the opinion of the Magistrate Judge. The Court adds only that, with respect to the question of whether the in-court identification was reliable, United States v. Santiago, 174 F. Supp. 2d 16, 31–32 (S.D.N.Y. 2001) (use of photograph for "confirmatory identification"), also supports the conclusion that relief is not warranted.

**4. Sentence**

Gonzalez's final claim is that his sentence violates the Eighth Amendment. The R & R states that the Appellate Division adjudicated this claim on the merits and that its decision to reject Gonzalez's argument is neither contrary to nor an unreasonable application of clearly established federal law. (Id. at 27–28.) Gonzalez objects, contending that the R & R ignores the fact that his complaint about his sentence is one of constitutional dimension, and instead treats the claim as about "excessiveness" as a matter of New York law.

As an initial matter, Gonzalez does not appear to have asserted his constitutional challenge to his sentence on direct appeal, in either his brief to the Appellate Division or his letters requesting leave to appeal to the New York Court of Appeals. Indeed, Gonzalez seems to confirm in his objections that he did not raise the sentence claim in constitutional terms on direct appeal.

This means that the constitutional claim, which needed to be raised on direct appeal, is unexhausted but procedurally barred. See, e.g., Green v. Ercole, No. 08-CV-4387, 2009 WL 5178437, at *7 (E.D.N.Y. Dec. 31, 2009). Gonzalez has not asserted, much less established, cause and prejudice or actual innocence sufficient to overcome this bar. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Even if Gonzalez properly exhausted his Eighth Amendment claim, the Court concludes that this claim has no merit for the reasons set forth in the R & R.

**CONCLUSION**

The petition is denied. As there has been no substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
April 22, 2011

_____/s/_____
Carol Bagley Amon
United States District Judge


Copy mailed to:
Siul Gonzalez
06 A 2359
Shawangunk Correctional Facility
PO Box 700
Wallkill, NY 12589